**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DERRICK LYNN HENLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-8424** |
| **ORLEANS PARISH SHERIFF'S DEP'T, ET AL.** | **SECTION "C" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Derrick Lynn Henley, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.  He named as defendants the Orleans Parish Sheriff's Department, Sheriff Marlin Gusman, and the "Medical Staff."  Plaintiff alleges that he received inadequate medical care while incarcerated.

On April 12, 2010, the Court issued an order scheduling a status conference in this matter for May 12, 2010.[1]  On April 19, 2010, the copy of that order sent to plaintiff at the Templeman Unit of the Orleans Parish Prison system, his address of record, was returned as undeliverable with a notation that plaintiff had "roll[ed] out."[2]  The status conference was therefore canceled because plaintiff's whereabouts were unknown.[3]

This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  Local Rule 11.1E.  The Local Rules further provide:

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 8.  Subsequent mail to plaintiff was also returned with the same notation.  Rec. Doc. 10.

[3] Rec. Doc. 9.

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

Local Rule 41.3.1E. As noted, more than thirty days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable. Additionally, plaintiff has not notified this Court of his current address, despite declaring in his complaint: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[4] Rec. Doc. 1, p. 5.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, and he has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to hold a status conference in this matter or to otherwise advance his case on the docket. Therefore, the complaint should be dismissed for failure to prosecute.[5]

---

[5] Out of an abundance of caution, the Court notes that plaintiff's complaint is also subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and/or for otherwise failing to state a claim on which relief may be granted.

As noted, plaintiff has named the Orleans Parish Sheriff's Department as a defendant. However, a Louisiana parish sheriff's office is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009); Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

Plaintiff has also named Orleans Parish Sheriff Marlin Gusman as a defendant. However, plaintiff has not properly stated a claim against Gusman in either his official capacity or his individual capacity.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental unit itself. Glasper v. Guzman, Civ. Action No. 06-2040, 2009 WL 1507568, at *6 (E.D. La. May 27, 2009); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL 4758610, at *3 (E.D. La. Oct. 30, 2008). The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue

3

**<u>RECOMMENDATION</u>**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH**

**PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

---

or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

<u>Spiller v. City of Texas City, Police Department</u>, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." <u>Colle v. Brazos County, Texas</u>, 981 F.2d 237, 245 (5th Cir. 1993); <u>see also</u> <u>Wetzel v. Penzato</u>, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. <u>See, e.g.</u>, <u>Murray v. Town of Mansura</u>, 76 Fed. App'x 547, 549 (5th Cir. 2003); <u>Treece v. Louisiana</u>, 74 Fed. App'x 315, 316 (5th Cir. 2003); <u>Wetzel</u>, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom, and, therefore, no official-capacity claim has been properly stated against Gusman.

Plaintiff has likewise failed to state a proper individual-capacity claim against Gusman. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983). Here, it is not alleged that Gusman had any personal involvement in plaintiff's medical care. Moreover, although Gusman is a supervisory official, he cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability for the acts or failures of his subordinates. <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987); <u>see also</u> <u>Oliver</u>, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

Lastly, plaintiff named the "Medical Staff" as a defendant. However, the "Medical Staff" is not a distinct, juridical entity capable of being sued. <u>See</u> <u>Verrette v. Stalder</u>, Civ. Action No. 07-9202, 2009 WL 411196, at *3 (E.D. La. Feb. 13, 2009); <u>Charles v. Sheriff Orleans Parish Marlin Gusman</u>, Civ. Action 06-0053, 2006 WL 2604613, at *6-7 (E.D. La. Sept. 6, 2006); <u>Mondello v. Bossier Parish Sheriff's Office</u>, Civ. Action No. 04-2609, 2006 WL 1985407, at *4 (W.D. La. June 16, 2006) (Hornsby, M.J.) (adopted by Hicks, J., on July 13, 2006).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

      New Orleans, Louisiana, this twentieth day of May, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.